# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **ROSE BUCKLEY,** individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> **MOBILEHELP, LLC**, a Florida company, <br><br> *Defendant.* | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Rose Buckley ("Plaintiff" or "Buckley") brings this Class Action Complaint and Demand for Jury Trial against Defendant MobileHelp, LLC ("Defendant" or "MobileHelp") to stop the Defendant from violating the Telephone Consumer Protection Act by making pre-recorded telemarketing calls to consumers without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Buckley, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Rose Buckley is a resident of East Taunton, Massachusetts.

2. Defendant MobileHelp is a limited liability company headquartered in Boca Raton, Florida. Defendant MobileHelp conducts business throughout this District, Florida, and the US.

**JURISDICTION AND VENUE**

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because the Defendant has its headquarters in this District and conducts business in and from this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District and because the wrongful conduct giving rise to this case was directed from this District.

**INTRODUCTION**

6. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

11. According to online robocall tracking service "YouMail," 3.9 billion robocalls were placed in January 2022 alone, at a rate of 126.3 million calls per day. www.robocallindex.com (last visited February 6, 2022).

12. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

13. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

14. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

15. Defendant MobileHelp sells healthcare products and services, including medical alert systems, to consumers.[3]

16. Defendant MobileHelp makes cold calls to prospective consumers to see if they are interested in buying Defendant's products or services.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/mobilehelp/about/

17. Defendant MobileHelp uses pre-recorded voice message calls, despite having never obtained the necessary consent required to place the calls.

18. For example, in Plaintiff Buckley' case, the Defendant placed multiple pre-recorded calls to Buckley' cell phone despite the fact that Buckley never consented to receive such calls.

19. There are numerous complaints posted online about unsolicited telemarketing calls consumers received from or on behalf of Defendant MobileHelp, including pre-recorded voice message calls, for instance:

- > **Telemarketer** reported by *SIA User*
  > trying to sale medical alert crap
  >
  > **Company** reported by *SIA User*
  > Mobile help, medical alert device, (www.mobilehelp.com)
  >
  > **Company** reported by *SIA User*
  > Mobile Help
  >
  > tried to call back and call won't go through, unauthorized to mak (Nuisance call) reported by *SKC*
  > tried to call back and call won't go through, unauthorized to make call !!! what??? this has to stop!!!! [4]

- "DO NOT CALL THIS COMPANY FOR ANYTHING! I made one phone call to them to ask about their products (their prices were ridiculously high so I was NOT interested), and since that one call, they have phoned me every single day (now it is up to twice per day with a recorded message!). This is harassment! I don't answer their calls (thank goodness for caller ID) and I have requested them to STOP calling me on their page but they continue. Obviously, if I wanted their products, I would answer the phone. A company should not be allowed to harass prospective customers in this way. I am now checking to see who I need to contact to report this harassment."[5]

---

[4] https://www.shouldianswer.com/phone-number/8008001710
[5] https://www.bbb.org/us/fl/boca-raton/profile/medical-alarm/mobilehelp-0633-92017186/customer-reviews

- 

- "I received an unsolicited call from Mobile Help LLC on January 6,2020 regarding a medical alert system. I received an unsolicited call from Mobile Help LLC on January 6,2020, regarding a medical alert system. This call was unsolicited and unwanted and a violation of the TCPA act. The call was placed by a gentleman name Jeffrey and said he worked for Mobile Help. A telemarketer is supposed to scrub telephone numbers every 31 days against the Do Not Call Registry to make sure the numbers they call are not on the list. I have been on the DNC registry since August 2004 and should not have been called. I also received an auto text from this company on January 13,2020,in

---

[6] https://www.shouldianswer.com/phone-number/8008001710

[7] *Id.*

which I reply with Stop. I have tried to contact Mobile Help by certified and regular mail regarding this and they have ignored my correspondence."[8]

20. Defendant MobileHelp hires employees to engage in cold calling, including using dialers with the capacity to deliver prerecorded voice messages, without ever obtaining their prior express written to place such calls:

- This job post by Defendant MobileHelp, on their website (https://www.mobilehelp.com/pages/careers) for the role of Sales Consultant seeks to hire people with "proven successful call center sales experience. (Five9 dialer experience is a plus)", who "enjoys interacting with customers over the phone." Defendant MobileHelp "provides the leads" to the sales consultant who "would be responsible for closing inbound and outbound sales.." [9]

21. In response to these calls, Plaintiff Buckley files this lawsuit seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Class and costs.

## PLAINTIFF BUCKLEY'S ALLEGATIONS

22. Plaintiff Buckley registered her residential phone number with the National Do Not Call Registry on October 4, 2017.

23. In early January 2022, Plaintiff Buckley called Defendant MobileHelp to inquire about their Medical Alert device for her elderly sister. Plaintiff spoke to an employee of the Defendant and provided her email for receiving the quote, and her phone number for a follow up call.

---

[8] https://www.bbb.org/us/fl/boca-raton/profile/medical-alarm/mobilehelp-0633-92017186/complaints

[9] https://workforcenow.adp.com/mascsr/default/mdf/recruitment/recruitment.html?cid=918dc462-eea5-46d1-ad0e-ef7ac109fb1c&ccId=19000101_000001&jobId=394478&lang=en_US&source=CC4

24.     On January 18, 2022, Plaintiff received a call from the Defendant MobileHelp using the phone number 774-776-4072 which she did not answer. It was a follow up call and the Defendant's employee left the following voicemail message on her cell phone,

> "Yes, good morning Rose, this is Arian with MobileHelp. We had spoke about a medical emergency medical alert button. This was earlier in the week. And, well, you had asked me to give you a follow-up call with, for the service. When it's convenient, you can reach me here at 1-800-800-1710. Again, this is Adrian with MobileHelp in reference to the medical emergency, medical help button. I do believe we got an invoice out to you as you had requested. I just do also want to confirm you got that and it should show exactly what we talked about. The number here – 1-800-800-1710. I work the later shift. I'm here until 7:00 EST. So, do hope we have a chance to speak soon. Take care."

25.     On January 18, at 2:03 PM, Plaintiff Buckley received another follow up call from Defendant MobileHelp which she answered. Plaintiff spoke to an employee of the Defendant and told them that she was not interested in Defendant's product, and instructed the Defendant's employee to not call her cell phone as she did not wish to receive any more calls from or on behalf of Defendant MobileHelp.

26.     Despite making a clear request to the Defendant MobileHelp's employee to stop calling her cell phone, and despite never having provided prior express written consent to receive pre-recorded voice message calls from or on behalf of the Defendant, Plaintiff Buckley started to receive repeated, generic, pre-recorded solicitation calls to her cell phone from Defendant MobileHelp.

27.     Plaintiff received the following pre-recorded voice calls to her cell phone from Defendant MobileHelp using the phone number 413-339-3234:

> i.      On January 19, 2022 at 2:37 PM, the pre-recorded voicemail message said, "Hi, it's Angela again with MobileHelp. As the leader in the industry, we offer personal emergency response systems for every person and budget. Call us back to speak to a safety consultant about your specific needs."

    ii. On January 20, 2022, at 12:19 PM, the pre-recorded voicemail message said, "Hi, it's Angela with MobileHelp. We're here to help you plan for the things in life that are unexpected. Call us today to find the right emergency response system. Thank you."

    iii. On January 20, 2022, at 6:00 PM, the pre-recorded voicemail message said, "Hi, this is Angela with MobileHelp. Our personal emergency response systems provide a safer and smarter way to live. Let's talk about it today."

    iv. On January 21, 2022, at 2:25 PM and 4:47 PM, which the Plaintiff answered, and heard pre-recorded voice messages similar to the voicemails she received from Defendant MobileHelp.

    v. On January 22, 2022, at 3:17 PM, from the phone number 413-339-3234: "Angela with MobileHelp here. I understand preparing for emergencies like slip and fall accidents can be scary. You don't have to do this alone. Call me back and we can go through everything together."

    vi. On January 23, 2022, at 12:01 PM, from the phone number 413-339-3234: "Hi, it's Angela with MobileHelp. With so many medical alert systems on the market, making a choice may seem difficult. It doesn't have to be. I'd love to help you find the perfect system for your needs. Call me back today. Thanks."

    vii. On January 24, 2022, at 5:09 PM, from the phone number 413-339-3234: "Angela with MobileHelp again. Our mission is to give our customers the support to stay independent and secure in their own homes. Let's talk today about what a personal emergency response system can do for you."

    viii. On February 4, 2022, at 10:02 AM, from the phone number 413-339-3234, identical to the pre-recorded voicemail message received by the Plaintiff on January 19, 2022: "Hi, it's Angela again with MobileHelp. As the leader in the industry, we offer personal emergency response systems for every person and budget. Call us back to speak to a safety consultant about your specific needs."

28. In addition to the pre-recorded calls, Defendant also sent solicitation text messages to the Plaintiff's cell phone using the same phone number, 413-339-3234:

    i. On January 21, 2022, at 11:05 AM:



  ii.  On February 7, 2022, at 4:30 PM:



  29.  On calling this phone number 413-339-3234, an automated voice message identifies Defendant MobileHelp.

  30.  The unauthorized solicitation telephone calls and text messages that Plaintiff received from Defendant have harmed Plaintiff Buckley in the form of annoyance, nuisance, and

invasion of privacy, occupied her phone line, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery), the consumption of memory on the phone.

31.     The unsolicited calls that Plaintiff received also caused her great anxiety and concern that the calls will continue.

32.     Seeking redress for these injuries, Plaintiff Buckley, on behalf of herself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

33.     Plaintiff Buckley brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant MobileHelp called (2) on their cellular telephone number (3) using the same or a similar artificial or pre-recorded voice messages used to call Plaintiff.

34.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Buckley anticipates the need to amend the Class definition following appropriate discovery.

35.     **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

36. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant MobileHelp or its agents placed pre-recorded voice message calls to Plaintiff Buckley and members of the Pre-recorded No Consent Class without first obtaining the express written consent to make the calls;

(b) whether the calls constitute a violation of the TCPA;

(c) whether Class members are entitled to an injunction against Defendant preventing it from making unsolicited prerecorded calls; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

37. **Adequate Representation**: Plaintiff Buckley will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Buckley has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Buckley and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Buckley nor her counsel have any interest adverse to the Class.

38. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff Buckley. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it

would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## COUNT I
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Buckley and the Pre-recorded No Consent Class)

39. Plaintiff Buckley repeats and realleges paragraphs 1 through 38 of this Complaint and incorporates them by reference herein.

40. Defendant MobileHelp and/or its agents transmitted unwanted telephone calls to Plaintiff Buckley and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

41. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Buckley and the other members of the Pre-recorded No Consent Class.

42. The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Buckley and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing her attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d)   An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e)   Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Buckley requests a jury trial.

**ROSE BUCKLEY**, individually and on behalf of all others similarly situated,

DATED this 10th day of February, 2022.

By: /s/ Stefan Coleman
Stefan Coleman (FL Bar No. 30188)
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman (FL Bar No. 84382)
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*